IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EFRAIN ESCALANTE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-CV-176-GKF-FHM |
| ) | (Base File) |
| CARL BEAR, Warden, ) | 16-CV-321-GKF-FHM |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a consolidated habeas corpus action. Petitioner, a state inmate appearing pro se, filed his petition in Case No. 16-CV-176-GKF-FHM on April 1, 2016. See Dkt. # 1. On May 18, 2016, Respondent filed a motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7), along with a supporting brief (Dkt. # 8). Petitioner did not file a response to the motion to dismiss. Unbeknownst to this Court, Petitioner had filed another habeas corpus petition in the United States District Court for the Western District of Oklahoma on March 17, 2016. Although Petitioner filed that petition under 28 U.S.C. § 2241, the Court construed the petition as arising under 28 U.S.C. § 2254 and, by Order filed May 31, 2016, transferred the petition to this district court where it was assigned Case No. 16-CV-321-GKF-FHM. By Order filed June 2, 2016 (Dkt. # 14), the two habeas actions were consolidated. Petitioner raises the same four (4) grounds for relief in the two petitions. For the reasons discussed below, the Court finds that the motion to dismiss shall be granted. Petitioner's habeas claims are dismissed with prejudice as time barred.

**BACKGROUND**

Petitioner challenges his conviction and sentence entered in Tulsa County District Court, Case No. CF-2011-3994. See Dkt. # 1. The record reflects that, on October 20, 2011, Petitioner was charged with First Degree Murder. See Dkt. # 8-1 at 3. On January 22, 2013, the state district judge

found Petitioner guilty of First Degree Manslaughter, based on his plea of guilty, and sentenced him to thirty (30) years imprisonment. See id. at 13. Although Petitioner filed a hand-written motion to withdraw his plea on February 14, 2013 (id. at 13), and filed a copy of the motion on February 19, 2013 (id.), the request was untimely under state law[1] and the state district court took no action on the motion. Because Petitioner did not file a timely motion to withdraw his plea of guilty, he did not perfect a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). See id. at 13-15.

On August 27, 2013, Petitioner filed an application for post-conviction relief requesting an appeal out of time. Id. at 16. By Order filed December 12, 2013, the state district judge denied the request for an appeal out of time. Id. at 17. Petitioner did not appeal to the OCCA.

On January 31, 2014, Petitioner filed a second application for post-conviction relief. Id. By Order filed April 10, 2014, the state district judge denied the second application. Id. at 18. Again, Petitioner did not appeal the denial of post-conviction relief to the OCCA.

On April 16, 2015, Petitioner filed a third application for post-conviction relief, along with five (5) supplemental motions. Id. at 22. By Order filed October 28, 2015, after Petitioner filed additional copies of the supplemental motions, the state district judge denied the third application for post-conviction relief and the supplemental motions. See Dkt. # 1 at 28-39. Petitioner appealed and by Order filed February 12, 2016, in Case No. PC-2015-1002, the OCCA affirmed the denial of post-conviction relief. Id. at 40-41.

---

[1] Under Rule 4.2, Rules of the Court of Criminal Appeals, a defendant is required to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty.

On March 17, 2016, Petitioner filed a habeas corpus petition in the United States District Court for the Western District of Oklahoma. See Dkt. # 1, N.D. Okla. Case No. 16-CV-321-GKF-FHM. Thereafter, on April 1, 2016, he filed a second habeas petition in this Court. (Dkt. # 1). Once the earlier-filed petition was transferred to this Court, the two habeas cases were consolidated. (Dkt. # 9). Petitioner raises the same four (4) grounds of error in each of the consolidated petitions, as follows:

> Ground 1: State court procedures are inadequate and too ineffective to protect Petitioner's federal constitutional rights.
>
> Ground 2: Due process, 1st, 8th, 9th, and 14th Amend. violated.
>
> Ground 3: Discrimination because of disabilities.
>
> Ground 4: No state court has considered the merits of any claim, and under st. law, confessed them true, proving actual innocence.

See Dkt. # 1. In response to the petition, Respondent argues that Petitioner's claims are barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 7, 8.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. 28 U.S.C. § 2244(d)(2).

Under 28 U.S.C. § 2244(d)(1)(A), this petition is time barred. Because Petitioner failed to file a timely motion to withdraw his guilty plea in Tulsa County District Court, Case No. CF-2011-3994, his conviction became final on February 1, 2013, ten (10) days after pronouncement of his Judgment and Sentence. See Rule 4.2, Rules of the Court of Criminal Appeals. When he failed to file a motion to withdraw his guilty plea by February 1, 2013, his one-year federal limitations period began to run the next day, February 2, 2013. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after February 2, 2014, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner filed his petition in the United States District Court for the Western District of Oklahoma on March 17, 2016, more than two (2) years beyond the deadline. Unless Petitioner is entitled to statutory or equitable tolling, his petition appears to be untimely.

**A. Statutory tolling**

The running of the limitations period is tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). On August 27, 2013, before expiration of the one-year limitations period, Petitioner filed his first application for post-conviction relief. The state district court denied the application on December 12, 2013, and Petitioner did not appeal. When a petitioner fails to perfect a timely post-conviction appeal, his one-year limitations period is tolled an additional 30 days, the time period allowed under state law for perfection of a post-conviction appeal. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law). As a result, the one-year period was tolled, or suspended, from August 27, 2013, until January 11, 2014, for a total of 137 days. Petitioner's new deadline for filing his federal habeas petition was 137 days after February 2, 2014, or June 19, 2014.

On January 31, 2014, prior to the new deadline of June 19, 2014, Petitioner filed his second application for post-conviction relief. The state district court denied the second application on April 10, 2014, and Petitioner did not appeal. Because Petitioner is entitled to an additional 30 days of tolling, Gibson, 232 F.3d at 804, the one-year period was tolled from January 31, 2014, until May 10, 2014, for a total of 99 days. Petitioner's new deadline for filing his federal habeas petition was 99 days after June 19, 2014, or September 26, 2014.

On April 16, 2015, almost (7) seven months after the habeas deadline of September 26, 2014, Petitioner filed his third application for post-conviction relief. A collateral petition filed in state

court after the limitations period has expired no longer serves to toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Because the one-year limitations period had already expired, Petitioner's third post-conviction application did not toll the limitations period under 28 U.S.C. § 2244(d)(2). Therefore, unless Petitioner demonstrates entitlement to equitable tolling, his petition filed on March 17, 2016, in the Western District of Oklahoma, is time barred.

**B. Equitable tolling**

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645, 649 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson, 232 F.3d at 808 (citation omitted). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks and citation omitted).

Petitioner did not file a response to the motion to dismiss. However, in his petition (Dkt. # 1), Petitioner claims he is "disabled"; that he "cannot read or write without assistance"; that he "has mental disabilities"; and that since "no state court has considered the merits of any claim," his claim of "actual innocence" is proven. He specifically claims that "due to state prison lock-downs, actual innocence claim, and post-convictions, time is tolled" and his petition is timely. Id. at 13. Petitioner

6

provides no factual allegations or evidence to support these claims. For the reasons discussed below, Petitioner fails to establish entitlement to equitable tolling.

    **1. Actual innocence**

As to Petitioner's claim of actual innocence, the Supreme Court has held that a claim of actual innocence may in fact overcome the bar resulting from the one-year statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013); see also Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010) ("Where . . . a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay."); Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA statute of limitations."). The Tenth Circuit has "stress[ed] that this actual innocence exception is rare and will only be applied in the extraordinary case." Lopez, 628 F.3d at 1231 (internal quotation marks omitted). To take advantage of the "actual innocence" gateway, a petitioner must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup v. Delo, 513 U.S. 298, 316 (1995). The petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Id. at 324. Moreover, this new evidence must be sufficient to "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." Id. at 327; see also House v. Bell, 547 U.S. 518, 536-37 (2006). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. Bousley v. U.S., 523 U.S. 614, 623-24 (1998);

Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (noting that legal defenses relate to legal, not factual innocence).

Here, Petitioner provides no evidence to support a claim of actual innocence. At best, he claims legal innocence as opposed to actual innocence. Petitioner's conclusory allegation of "actual innocence" is insufficient to overcome the one-year limitations bar applicable to his petition.

**2. Facility lock-downs**

Next, the Court rejects Petitioner's claim that he is entitled to tolling because of lock-downs at his facility. Courts have held that restrictions placed on a prisoner's access to legal materials by corrections officials, especially when the filing deadline is fast approaching, can constitute an extraordinary circumstance providing a basis for equitable tolling. See U.S. v. Gabaldon, 522 F.3d 1121, 1125-26 (10th Cir. 2008); Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005); Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000); cf. Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir. 2002) (noting that some courts have considered a deprivation of access to legal materials to be stronger grounds for equitable tolling when the deprivation occurs close to the filing deadline).

Petitioner provides no evidence demonstrating specific dates of the alleged lock-downs, nor has he alleged specific facts showing that his inability to access legal materials during the periods of lock-down prevented his timely filing of a § 2254 petition. Petitioner does not identify any particular legal argument that he was unable to develop nor does he otherwise explain how his lack of access to legal materials prevented him from filing his federal petition in a timely manner. See

8

Parker v. Jones, 260 F. App'x 81, 85 (10th Cir. 2008) (unpublished)[2] (finding inmate's vague allegations that he was in lock-down and had no access to legal materials will not justify equitably tolling the limitations period); Everson v. Kan. Dep't of Corrs., 232 F. App'x 815, 817 (10th Cir. 2007) (unpublished) (finding a petitioner's failure to allege specific facts as to how lack of access to legal resources impeded his ability to timely file a claim rendered it insufficient to show entitlement to equitable tolling); Abel v. Kansas, 187 F. App'x 867 (10th Cir. 2006) (unpublished). Petitioner's conclusory reference to lock-downs is insufficient to entitle him to equitable tolling.

### 3. Inability to read or write/mental "disability"

Lastly, based on the allegations in the petition, Petitioner's claims that he "cannot read or write without assistance" and that he suffers from a mental "disability" do not entitle him to equitable tolling. Not being able to read or write proficiently is not a "rare and exceptional circumstance" that justifies equitable tolling. See Yang, 525 F.3d at 929-30 (holding that a limited proficiency in the English language is not an extraordinary circumstance "warranting equitable tolling"). And, "it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing [of a petition for writ of habeas corpus]." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks and citation omitted). Petitioner also suggests he suffers from a mental disability. But he was deemed competent to enter a guilty plea in 2013, and he does not explain how mental health issues rendered him unable to file this petition earlier. Under these facts, Petitioner has failed to demonstrate entitlement to equitable tolling. See, e.g., Moore v. Gibson, 250 F.3d 1295, 1299 (10th Cir. 2001); O'Bryant v. Oklahoma,

---

[2] This and all other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

9

568 F. App'x 632, 636 (10th Cir. 2014) (unpublished) (stating that "federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity such as that resulting in institutionalization or adjudged mental incompetence"); U.S. v. Williams, 485 F. App'x 978, 979 (10th Cir. 2012) (unpublished).

In summary, Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. This petition is time-barred.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this case.

**DATED** this 7th day of October, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

11